UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY MOORE | CIVIL ACTION |
| VERSUS | NO. 07-4266 |
| LOUISIANA PSYCHIATRIC COMPANY, INC., ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on the issue of subject matter jurisdiction and the plaintiff's motion to remand. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The Tennessee plaintiff, Randy Moore ("Moore") filed this suit in state court againsst Tulane University Hospital and Clinic for wrongful termination based on disability, La. Rev. Stat. § 23:323, Tenn. Code. Ann. § 8-50-103 and misrepresentation under La. Civ. Code arts. 2315 and 1967. In his complaint, he alleges that Louisiana Psychiatric Company, a Louisiana "person" and Hospital Corporation of America, a Tennessee corporation, were his post-Katrina supervisors and made some of the decisions concerning the management of the Tulane facility. On August 22, 2007, a non-party named Columbia/HCA of New Orleans, Inc. removed the case to federal court based on diversity jurisdiction and federal question jurisdiction under the Family

Medical Leave Act ("FMLA"), 29 U.S.C. 2911, *et seq.*

The Court asked for memoranda directed to the issue of subject matter jurisdiction on August 27, 2007.  (Rec. Doc. 5).  In his September 17, 2007, responsive "memorandum," the plaintiff addresses seeks remand based on the lack of subject matter jurisdiction as well as procedural deficiencies, including the lack of joinder of all defendants, the non-defendant status of Columbia HCA and the fact that the petition for removal does not meet the requirements of 28 U.S.C. § 1446.  (Rec. Doc. 7).  On September 22, 2007, the plaintiff refiled the content of the memorandum as part of his motion to remand.  (Rec. Doc. 9).

The removing party bears the burden of establishing subject matter jurisdiction. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995), cert. denied, 516 U.S. 865 (1995). The Court finds that the plaintiff has not set forth any claim under the FMLA in his petition.  The reference to the FMLA in the petition is made as part of the timeline; it is clear from the petition that the plaintiff has never filed an application for FMLA relief, and the plaintiff has clearly indicated in his memoranda that he is not pursuing such a claim.

As to diversity, Columbia/HCA argues that the non-diverse defendant Hospital Corporation of America was fraudulently joined to defeat removal.  The standard for

determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Illinois Railroad Co., 252 F.3d 220, 222-23 (5th Cir.2003); See also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir.1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.' " Smallwood, 352 F.3d at 223 ( citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 816 (5th Cir .1993)).  Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. Rich III v. Bud's Boat Rentals, Inc., 1997 WL 785668, at *2 (E.D.La.2003) (citing Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir.1995)) (emphasis added).

    A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. Englande v. Glaxo Smithkline, 206 F.Supp.2d 815, 817 (E.D.La.2002) ( citing Erdey v. American Honda Co., Inc., 96 F.R.D. 593, 595 (M.D.La.1983)).   The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-

diverse defendants. Englande, 206 F.Supp.2d at 819 ( citing B., Inc., 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant...." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir.2004) (en banc); see also Melder v. Lexington Corp., 404 F.3d 328, 330 (5th Cir.2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant...."). A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder. Id., 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6)type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted, discrete facts determinative of the propriety of joinder. Id. A minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Columbia/HCA argue that the non-diverse Hospital Corporation of America is a holding company with no employees and did not employ the plaintiff. The plaintiff points to the official listing of Columbia/HCA, University Healthcare System, L.C., Louisiana Psychiatric Company, Inc., and Hospital Corporation of America on the Louisiana Secretary of State website; all indicate Tennessee mailing addresses. (Rec. Doc. 8, Exhs. E-F). The plaintiff also argues that under either the "nerve center" or "total activity test," the brain of all the companies involved is in Tennessee, negating diversity jurisdiction under J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401 (5th Cir. 1987).

Columbia/HCA opposes remand based on the plaintiff's alleged failure to allege facts sufficient to establish "alter ego" or "single employer" theory. This argument seems disingenuous since it is Columbia/HCA, a non-defendant, which removed the case based on the corporate interaction of the various entities.[1] For purposes of the motion and issue before it, the Court finds that Columbia/HCA has failed to establish the existence of diversity between the parties. In addition, the Court finds that

---

[1] The argument would appear to be more disingenuous since the non-party Columbia/HCA, if a Louisiana citizen, is barred from removing on the basis of diversity on procedural grounds. Because this remand is based on the lack of subject matter jurisdiction, the Court need not address whether the plaintiff's procedural challenges were preserved by virtue of the September 17, 2007, memorandum and request for remand.

Columbia/HCA has not established that the minimum jurisdictional amount was present at the time of removal.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. This matter is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE